UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

**FILED**
JAN 10 2020
Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

Brandon Michael Jacobs,       )
                              )
           Plaintiff,         )
                              )
    v.                        )      Civil Action No. 19-3548 (UNA)
                              )
District of Columbia Superior Court *et al.*, )
                              )
           Defendants.        )

## MEMORANDUM OPINION

This matter is before the Court on its initial review of plaintiff's *pro se* complaint and application for leave to proceed *in forma pauperis*. The Court will grant the application and dismiss the complaint for lack of subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3) (requiring the court to dismiss an action "at any time" it determines that subject matter jurisdiction is wanting).

"Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute," and it is "presumed that a cause lies outside this limited jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (citations omitted). A party seeking relief in the district court must at least plead facts that bring the suit within the court's jurisdiction. *See* Fed. R. Civ. P. 8(a). Failure to plead such facts warrants dismissal of the action.

Plaintiff is a District of Columbia resident who seeks "to pull" his case in the Superior Court of the District of Columbia to this Court. Compl. ¶ 1. He alleges that D.C. Superior Court Judge Carol A. Dalton, a named defendant, denied his motion for such relief. *See id.* ¶ 8. Under

1

the typed Complaint heading is a handwritten "Notice of Removal." Regardless of plaintiff's intentions, he has not established subject matter jurisdiction. To the extent that he seeks to remove a case, the pleading does not comply with the jurisdictional requirements for removing an action from State court. 28 U.S.C. §§ 1441, 1446. To the extent that plaintiff seeks review of Judge Dalton's decision, this Court lacks jurisdiction to review another court's decision. *See United States v. Choi*, 818 F. Supp. 2d 79, 85 (D.D.C. 2011) (district courts "generally lack[] appellate jurisdiction over other judicial bodies, and cannot exercise appellate mandamus over other courts.") (citing *Lewis v. Green*, 629 F. Supp. 546, 553 (D.D.C. 1986)); *see also Fleming v. United States*, 847 F. Supp. 170, 172 (D.D.C. 1994), *cert. denied* 513 U.S. 1150 (1995) (noting that "[b]y filing a complaint in this Court against . . . judges who have done nothing more than their duty . . . Fleming has instituted a meritless action") (applying *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 482 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 415, 416 (1923)). Therefore, this case will be dismissed. A separate order accompanies this Memorandum Opinion.

Date: January __8__, 2020

United States District Judge